**Chris JACOBS, Applicant,**

v.

**Gary R. McCAUGHTRY, Respondent.**

**No. 01–1847.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 9, 2001.

Decided May 9, 2001.

Chris J. Jacobs (submitted), Waupun, WI, pro se.

James E. Doyle, Office of the Atty. Gen., Wisconsin Dept. of Justice, Madison, WI, for Respondent.

Before WOOD, Jr., ROVNER, and EVANS, Circuit Judges.

PER CURIAM.

The district court dismissed Chris Jacobs's petition for a writ of habeas corpus, 28 U.S.C.§ 2254, on the ground that it was a second or successive petition that could not be filed without prior authorization from this court. *See* 28 U.S.C. § 2244(b)(3). Before us now is Jacobs's application under § 2244(b)(3), seeking such authorization. We dismiss the application as unnecessary and instruct the district court to accept Jacobs's petition.

In 1988 Jacobs was charged with five counts of first degree murder. He was tried before a jury in October 1989 and acquitted on all five counts. Approximately 4 years later, the State, armed with new evidence, charged Jacobs again, this time with kidnapping and false imprisonment. Jacobs moved to dismiss the new charges on double jeopardy grounds, but the state courts denied his motion. Jacobs then filed a petition for a writ of habeas corpus in federal district court, arguing that double jeopardy and/or collateral estoppel barred prosecution. The district court denied the petition, and this court affirmed on appeal. *Jacobs v. Marathon County, Wis.*, 73 F.3d 164 (7th Cir.1996).

In August 1998 Jacobs was convicted after a jury trial on the kidnapping and false imprisonment charges. After exhausting his state remedies, Jacobs filed a § 2254 petition in federal district court, challenging both his conviction and his sentence. The district court concluded that this petition was second or successive and dismissed for lack of jurisdiction under 28 U.S.C. § 2244(b)(3)(A).

Jacobs now argues that the petition he wishes to file is not a second or successive collateral attack within the meaning of § 2244. We agree. Jacobs's first petition is properly classified as a § 2241 petition because it was filed pretrial and not while he was "in custody pursuant to judgment of a state court." *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.2000) (§ 2254 is the vehicle for prisoners in custody pursuant to the *judgment* of a state court, but not those in state custody for some other reason, such as preconviction custody; in the latter case, § 2241 remains available); *see also Santamaria v. Horsley*, 133 F.3d 1242, 1243 (9th Cir.1998) (reviewing pretrial habeas petition under § 2241); *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (stating that "federal district courts can entertain pretrial habeas petitions [under § 2241] in which the petitioner asserts [that] an impending state trial violates the

Double Jeopardy Clause"); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (holding that inmate's pretrial habeas petition was properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him). And § 2244, by its terms, does not apply to petitions brought under § 2241. Rather, it requires permission only before "a second or successive habeas corpus application *under section* 2254" may be commenced. 28 U.S.C. § 2244(b)(1), (2) (emphasis added); *see also Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998) (the prior-approval mechanism of § 2244 does not apply to petitions brought under § 2241). Thus, because Jacobs's first collateral attack is not covered under § 2244, the petition he now seeks to file is not second or successive within the meaning of that section: it is, in fact, Jacobs's first federal challenge to his conviction and sentence.

Because the petition Jacobs seeks to file is not second or successive within the meaning of § 2244, authorization from this court is unnecessary. Accordingly, the application for authorization is DISMISSED. We instruct the Clerk of the United States District Court for the Western District of Wisconsin to accept filing of Jacobs's petition for a writ of habeas corpus *nunc pro tunc* to the date he originally filed the petition. *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir.1997).