Justin Lee HALL, Petitioner–Appellant,

v.

James L. SAFFLE; State of Oklahoma, Respondent– Appellee.

No. 01–6018.

United States Court of Appeals, Tenth Circuit.

May 31, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT [*]

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Justin Lee Hall seeks a certificate of appealability ("COA") from this court so he can appeal the district court's order dismissing his 28 U.S.C. § 2254 habeas petition in part and denying it in part. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Hall also filed a motion seeking to proceed *in forma pauperis* on appeal.

On May 13, 1997, Hall pleaded guilty in Oklahoma state court to three counts of second degree rape and one count of unauthorized use of a motor vehicle. Hall was sentenced to ten years' imprisonment on each of the rape charges and five years on the remaining charge. The sentences were to run concurrently and would be suspended upon Hall's successful completion of a sex offender program at the Joseph Harp Correctional Center. Hall

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

did not seek to withdraw his guilty plea or otherwise pursue a direct appeal.

Hall filed his federal habeas petition in the United States District Court for the District of Colorado on July 26, 2000. In the petition, Hall raised two claims. First, he asserted that the sentence he received is unconstitutionally vague because it does not clearly detail what portion of the sentence is suspended. Hall also asserted that his due process rights were violated when state prison officials determined, without conducting a hearing, that he is currently ineligible for the residential sex offender treatment program at the Joseph Harp Correctional Center.

Respondent filed a motion to dismiss Hall's habeas petition as untimely and the matter was referred to a magistrate judge. *See* 28 U.S.C. § 636(b)(1)(B). In a report and recommendation, the magistrate judge concluded that Hall's first claim was untimely because it was raised more than one year after Hall's conviction became final. *See* 28 U.S.C. § 2244(d)(1). Accordingly, the magistrate judge recommended granting Respondent's motion to dismiss as to that claim. The magistrate then concluded that Hall's second claim was not subject to the one-year statute of limitations and proceeded to examine the merits of that claim. The magistrate accepted as true Hall's assertion that he was denied a hearing prior to being found ineligible to participate in the sex offender program. The magistrate, however, recommended that Hall's claim be denied because Hall does not have a protected liberty interest in participating in the program. After adopting the report and recommendation, the district court dismissed Hall's first claim and denied the second.

■ As an initial matter, we must resolve the question of whether Hall's claims were appropriately brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Hall's

habeas petition identified 28 U.S.C. § 2254 as the statutory basis for his claims. In his brief to this court, however, Hall argues that the district court improperly resolved his claims by applying 28 U.S.C. § 2254 and that those claims should have been analyzed pursuant to 28 U.S.C. § 2241 because they represent challenges to the execution of his sentence. *See Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir.2000) (discussing the distinction between claims made pursuant to § 2241 and those made pursuant to § 2254). Hall's first claim, that his sentence is unconstitutionally vague, was properly brought pursuant to § 2254 because it is a challenge to the validity of Hall's sentence. *See id.* Hall's due process claim, however, should have been brought pursuant to 28 U.S.C. § 2241 because it is a challenge to the execution of his sentence. *See id.* This court will analyze the two claims accordingly.

Hall's Oklahoma state convictions became final after the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Thus, his § 2254 claim should have been brought no later than one year after those convictions became final. *See* 28 U.S.C. § 2244(d)(1). The district court concluded that Hall's § 2254 claim should have been brought before May 24, 1998 but noted that it was not raised until July 26, 2000. The court also concluded that Hall had failed to identify any circumstance that would support the tolling of the one-year statute of limitations.

■ In his application for a COA, Hall does not argue that the district court miscalculated the one-year period and does not claim that the period was tolled for any reason. He argues, instead, that the claim related to his sentence should properly have been characterized as a § 2241 claim and, as such, it was not subject to the one-

year limitations period. Hall's argument fails for the obvious reason that his first claim was properly brought pursuant to 28 U.S.C. § 2254. Additionally, claims brought pursuant to 28 U.S.C. § 2241 are also subject to the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(1)(D) (providing that a federal habeas petition may be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"); *Osborn v. Everett,* No. 99–8071, 2000 WL 300216, at *1 *2 (10th Cir. Mar.23, 2000) (unpublished disposition cited as persuasive authority pursuant to 10th Cir.R. 36.3) (analyzing the timeliness of a § 2241 claim by applying 28 U.S.C. § 2244(d)(1)(D)).

Before he is entitled to a COA on his § 2254 claim, Hall must make a "substantial showing of the denial of a constitutional right ." 28 U.S.C. § 2253(c)(2). Hall may make this showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1603–04, 146 L.Ed.2d 542 (2000). Our review of the record clearly demonstrates that the district court's dismissal of Hall's § 2254 claim as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we deny Hall's request for a COA on that claim.[1]

The district court next concluded that Hall's second claim, alleging a due process violation, was not subject to the one-year statute of limitations and proceeded to analyze that claim on the merits. As discussed above, Hall's due process claim, though properly characterized as a § 2241 claim, is subject to the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). The district court, however, did not make a finding on when the factual predicate of Hall's § 2241 claim "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). We will assume, without deciding, that Hall's § 2241 claim was timely.

The district court denied Hall's due process claim on the merits, concluding that Hall does not have a protected liberty interest in participating in the sex offender treatment program. The court also concluded that state law gives prison officials wide discretion to determine which inmates are eligible to participate in a sex offender treatment program.[2] *See* Okla Stat. tit. 22, § 991a(dd). Accordingly, the district court concluded that Hall's due process claim was without merit and denied the habeas petition with respect to that claim.

Hall, a state prisoner, must obtain a COA in order to appeal the district court's denial of his § 2241 claim. *See Montez,* 208 F.3d at 866–67, 869. Having reviewed Hall's appellate brief and his application for a COA and having conducted a *de novo* review of the magistrate's report and rec-

---

1. Because we conclude that Hall's claim regarding his sentence was not timely raised, we express no opinion on whether that claim alleges the denial of a constitutional right.

2. In an application for post-conviction relief filed in Oklahoma district court on February 22, 2000, Hall argued that prison officials have failed to place him in the sex offender treatment program because of the ambiguity in his sentence. The Oklahoma district court, however, concluded that Hall's own misconduct while incarcerated rendered him ineligible for the program. On May 9, 2000, the Oklahoma Court of Criminal Appeals affirmed the district court's order denying post-conviction relief. Hall did not contest the state court's determination in his habeas petition or in this appeal.

ommendation, the district court's order, and the entire record on appeal, we conclude that the due process issue raised by Hall is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we deny Hall's request for a COA on that issue.

Hall's appeal is dismissed. Hall's request to proceed on appeal *in forma pauperis*, is granted.

