**Michael McLEAN, Petitioner,**

v.

**Richard SMITH, Respondent.**

No. 01–CV–00524.

United States District Court, M.D. North Carolina.

March 22, 2002.

Michael McLean, Maury, NC, pro se.

Sandra Wallace–Smith, N.C. Dept. of Justice, Raleigh, NC, for Richard Smith.

## MEMORANDUM OPINION AND ORDER

ELIASON, United States Magistrate Judge.

### Facts and Procedural History

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks not only to attack the validity of a 1987 sentence, but also claims that he was not given appropriate credit for time served.

Petitioner's association with the North Carolina judicial and penal systems is a long and winding one. As far as this history relates to the present action, it is as follows. On May 18, 1987, petitioner pled guilty in Person County to misdemeanor larceny in case 87 CRS 107. He received a sentence of two years imprisonment, but this sentence was suspended and petitioner was placed on five years probation with the special condition that he serve three months of active prison time. As far as the record reflects, he did serve that time and was then released to serve his five years of probation.

To say the least, petitioner's probation was unsuccessful. On July 12, 1991, in Guilford County, petitioner was found to have violated his probation and his two-year sentence was activated. The judgment and commitment form activating the sentence does not give him credit for any time previously served. The predicates for his probation violation were his guilty pleas on July 29, 1991 to nine counts of obtaining property by false pretense while being a habitual felon in cases 91 CRS 31255–56, 31258–61, 31264–65, and 20444. Those cases were consolidated and petitioner was sentenced to fourteen years of imprisonment with that sentence being consecutive to any other sentences. On that same day, petitioner also pled guilty to two counts of obtaining property by false pretense in cases 91 CRS 31262–63, one count of possession of heroin in case 91 CRS 31266, and one count of carrying a concealed weapon in case 31267. These offenses were consolidated and petitioner received eight more years to run consecutive to his prior sentences. Finally, on March 27, 1992, in Guilford County, petitioner pled guilty to escape from the Department of Correction in case 91 CRS 60497. This led to a further consecutive three-year sentence. As far as the record reflects, petitioner challenged none of these convictions or sentences in any way until, on March 8, 2001, petitioner filed a motion for appropriate relief in the Guilford County Superior Court. This motion was later denied, as was petitioner's request for a writ of certiorari from the North Carolina Court of Appeals. Petitioner filed the present action in this Court on May 18, 2001.

## Petitioner's Claims

In his habeas petition, petitioner raises four possible claims for relief. As far as the Court can tell from the petition, the first three claims are all related. The gist of those claims is that petitioner did not receive credit for the original 90 days that he served on his 1987 misdemeanor sentence. This allegedly caused him to, in his words, serve that 90 days twice, have his total time in prison lengthened by 90 days, and caused misapplication of his good time and gain time credits among his various sentences. His fourth claim for relief is that he was coerced into pleading guilty to the escape charge by threats of facing a life sentence if he did not plead guilty. Respondent has moved for summary judgment on all of these claims.[1]

## Discussion

Respondent requests dismissal on the ground that the petition was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104–132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

The limitation period starts running from the latest of (1) the date when the judgment of conviction became final at the end of direct review or the expiration of the time for seeking such review, (2) the date on which an illegal state created impediment to filing an action is removed, (3) the date on which the constitutional right asserted was newly recognized by the United States Supreme Court, or (4) the date on which the factual predicate for petitioner's claims could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1). The limitation period is tolled while state post-conviction proceedings are pending. *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir.1999), *cert. denied,* 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000). For those petitioners whose conviction became final prior to the effective date of AEDPA, they have one year from that effective date or to and including April 23, 1997 to file a Section 2254 petition. *Brown v. Angelone,* 150 F.3d 370, 375 (4th Cir.1998).

The one-year limitation period clearly applies to petitioner's fourth claim for relief which directly attacks the validity of his conviction. The claim alleges that in 1991, petitioner was coerced into pleading guilty. The one-year limitation period expired on April 24, 1997, one year after enactment of the AEDPA. Petitioner did not file this petition until 2001. Even petitioner does not contest the application of the limitation period as to that claim.

Petitioner does contest the application of the limitation period to the first three grounds of his petition which, as he puts it, do not attack his sentences or his guilt or innocence. He contends that the limitation period in 28 U.S.C. § 2244(d)(1)[2] does not apply to claims such as these which do not undermine the validity of his conviction.

Although petitioner filed his petition on Section 2254 forms, he may well be con-

---

1. In addition to respondent's motion for summary judgment, two other motions are before the Court. Both are made by petitioner and seek to add certain state court documents to the record. These documents are relevant to the issues at hand and the motions are unopposed. Therefore, the motions are granted.

2. Section 2241(d)(1) provides in material part: "A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It does differentiate among the various forms which a habeas corpus petition may assume, so long as the petitioner is a convicted state prisoner.

tending that the first three claims do not arise pursuant to 28 U.S.C. § 2254, but should be considered a request for habeas corpus relief under the more general provisions of 28 U.S.C. § 2241. In the case of a state court prisoner, Section 2241 provides relief for persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is not restricted to persons in custody pursuant to the judgment of a state court as is Section 2254.[3]

The demarcation between Sections 2241 and 2254 is not entirely clear. As the Supreme Court noted in *Felker v. Turpin,* 518 U.S. 651, 663–54, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), the writ of habeas corpus known to the framers of the Constitution was quite different from that which is extant today. At first, Congress made the writ available only to prisoners confined under the authority of the United States, but not under state authority. It was not until 1867 that Congress made the writ generally available to any person restrained in violation of the Constitution, treaties, or laws of the United States as is presently enacted in Section 2241. Furthermore, it was not until well into the Twentieth Century that the Supreme Court interpreted that provision to permit a collateral attack in federal court on a final judgment of conviction from a state court. Congress enacted Section 2254 in 1948. It applies exclusively to persons in state custody. *Id.* at 663–664 and n. 4, 116 S.Ct. 2333.

Over the years, state prisoners have challenged confinement in state prison, not only through habeas corpus petitions, but also in civil suits brought pursuant to 28 U.S.C. § 1983. In 1973, the Supreme Court made it clear that when an action challenges the fact and duration of confine-ment, then such action may only be brought through a habeas corpus petition. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *and see Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (habeas petition must be used even when a § 1983 action only attacks the procedural aspects of a disciplinary hearing because the invalidity of that decision would affect a prisoner's good time credits).

■ Although it is clear when a prisoner must utilize a habeas corpus petition, it is less clear when the prisoner should use Section 2241, as opposed to Section 2254 for state prisoners, or Section 2255 for federal prisoners. *See Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir.2000), *cert. denied,* 531 U.S. 1083, 121 S.Ct. 787, 148 L.Ed.2d 683 (2001). For federal prisoners, some guidance is provided because Section 2255 limits itself to challenges to the conviction and sentence. *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). Thus, a federal prisoner must utilize a Section 2241 petition to attack international extradition, *Plaster v. United States,* 720 F.2d 340 (4th Cir.1983), or the execution, as opposed to the legality, of the federal sentence, *United States v. Miller,* 871 F.2d 488 (4th Cir.1989).

Section 2254 does not limit itself to challenges to the state conviction and sentence. It is only limited to use by convicted state prisoners. Thus, there is greater potential overlap between Sections 2241 and 2254. Both the Seventh and Tenth Circuits have recently explored this issue. While those two courts do not agree in every particular, a somewhat uneven consensus has emerged, at least for the issue pertinent to this case.

---

**3.** Section 2254 applies to habeas corpus petitions filed "on behalf of a person in custody pursuant to the judgment of a State court...." 28 U.S.C. § 2254(a). (It is noted that this is the same language used in Section 2244(d)(1).)

The Seventh Circuit considered the interplay between Sections 2241 and 2254 in two cases. *Moran v. Sondalle*, 218 F.3d 647 (7th Cir.2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir.), *cert. denied*, *Hanks v. Finfrock*, 531 U.S. 1029, 121 S.Ct. 606, 148 L.Ed.2d 518 (2000). First, it noted that the statutory language differences between Sections 2254 and 2255 meant that Section 2241 would be used differently for federal and state prisoners. As noted above, for federal prisoners, Section 2255 limits itself to challenges to the original judgment and sentence. Other challenges are brought under Section 2241. For state prisoners, on the other hand, Section 2254 has broader language and encompasses any challenge by persons "in custody pursuant to the judgment of a State court." It is not limited to attacks on the original judgment and sentence.

Relying on the Supreme Court's decision of *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), the Seventh Circuit does not permit state court prisoners to choose the label of the petition (either Section 2241 or Section 2254). *Walker*, 216 F.3d at 632–33. It permits resort to Section 2241 only when Section 2254 is not available.[4] Consequently, when a person in custody pursuant to a state court judgment challenges the fact or duration of the custody in any way,[5] Section 2254 is the exclusive vehicle and the district court is required to process the petition under that statute. *Walker*, 216 F.3d at 633.

The Tenth Circuit, in contrast to the Seventh Circuit, permits a state court prisoner more latitude in utilizing either Section 2241 or Section 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). In *Montez*, the court held that challenges to the execution of the sentence, as opposed to attacks on the validity of the conviction, may be brought pursuant to Section 2241. *Id.* (confinement in Colorado of a Wyoming inmate). It also permits a state prisoner to use Section 2241 to challenge deprivation of good time credits or other disciplinary matters affecting the duration of the sentence. *Boyce v. Ashcroft*, 251 F.3d 911, 917 (10th Cir.), *judgment vacated as moot on rehearing*, 268 F.3d 953 (10th Cir.2001) (state prisoner) (citing *McIntosh v. United States Parole Com'n*, 115 F.3d 809, 812 (10th Cir.1997) (federal prisoner)).[6] On the other hand, the Tenth Circuit requires such Section 2241 petitioners, like their Section 2254

---

**4.** Section 2254 is not available, for example, when a person charged in state court raises a pretrial challenge such as a double jeopardy claim. *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355, 358 (1st Cir. 1981). *See Montez v. McKinna*, 208 F.3d 862, 870 (10th Cir.2000) (collecting cases); *Jacobs v. McCaughtry*, 251 F.3d 596, 597–98 (7th Cir.2001) (collecting cases).

**5.** Challenges by convicted state prisoners which affect their state sentence, but do not challenge the validity of the conviction, involve such matters as prison administrative orders which revoke good time credits. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.), *cert. denied, Hanks v. Finfrock*, 531 U.S. 1029, 121 S.Ct. 606, 148 L.Ed.2d 518 (2000).

**6.** Notwithstanding this slightly more permissive use of Section 2241 allowed by the Tenth Circuit, it will enforce the certificate of appealability requirement of 28 U.S.C.

§ 2253(c)(1)(A) as to both Section 2241 and Section 2254 petitions. That statute, as the Tenth Circuit noted, applies to any habeas corpus proceeding "in which the detention complained of arises out of process issued by a State court." *Montez*, 208 F.3d at 867. It found that the statute did not restrict itself to challenges to a state court conviction, but rather applies to challenges of other incidents affecting the length of confinement, so long as the underlying detention resulted from process issued by a state court. *In accord, Greene v. Tennessee Department of Corrections*, 265 F.3d 369, 371 (6th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1068, 151 L.Ed.2d 971 (2002); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir.1998) (pretrial detainee).

In the Seventh Circuit, convicted state prisoners must file a Section 2254 petition, but the court only requires a certificate of appealability when the state prisoner challenges de-

counterparts in the Seventh Circuit, to exhaust available state remedies and, in addition, would apply the provisions of Section 2254(b)(2) which permits a court to dismiss unexhausted petitions on the merits. *Id.*

█ Notwithstanding the differing approaches adopted by the Seventh and Tenth Circuits as to the proper denomination of a state prisoner's habeas corpus petition, it seems clear that the limitation provision of Section 2244(d)(1) applies to any challenge by a convicted prisoner to the execution and calculation of his sentence, whether that be by Section 2241 or Section 2254.[7] As a starting point, the provisions of Section 2244(d)(1) do not distinguish between Section 2241 or Section 2254 petitions.[8] *See Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000) (federal prisoner proceeding under Section 2255 may not avoid limitation period by recharacterizing it under Section 2241). The section applies to any habeas corpus application "by a person in custody pursuant to the judgment of a state court." Therefore, a plain reading of Section 2244(d)(1) indicates it applies to all habeas corpus petitions, however denominated, filed by convicted state prisoners.

Furthermore, no court has held that Section 2244(d)(1) covers some Section 2254 petitions, but not others. Nothing in Sections 2244 or 2254 provides a basis for such a view. As a public policy matter, Congress' concern to reduce the burden of multiple and stale habeas corpus petitions certainly applies to challenges to the execution of a sentence as well as challenges to the validity of the conviction itself.

Nor is there anything in the Tenth Circuit's approach which provides a basis for concluding that Section 2241 petitions by convicted state prisoners should be exempt from the plain language of Section 2244(d)(1). In fact, albeit in unpublished decisions, that court has applied the one-year limitation period to Section 2241 petitions. *Morrello v. Utah,* 10 Fed.Appx. 788 (10th Cir.2001) (duration of confinement parole decision); and *Hall v. Saffle,* 10 Fed.Appx. 768 (10th Cir.2001) (fact of confinement-exclusion from treatment program).

The decision here, that the one-year limitation period applies to petitioner's challenge to the execution and calculation of his sentence, does not end the matter. Petitioner alleges that the limitation period was tolled in accordance with the provisions of Section 2244(d)(1)(D) which provides that the limitation period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." He claims that this date is June 21, 2000, when the State sent him a letter informing him that there could be possible errors in his sentence. According to petitioner, this letter caused him to look into the calculation of his sentence for the first time and take note of the problem with the original 90 days he served on his misdemeanor conviction. For the following reasons, these arguments are rejected.

█ As for petitioner's first three claims,[9] it is clear that the letter he re-

---

cisions made by state courts through conviction and sentence, but not with respect to prison disciplinary proceedings involving loss of good time credits or other rights as a result of the decision by state prison administrators. *Walker,* 216 F.3d at 637.

7. The Fourth Circuit has not decided this issue.

8. 28 U.S.C. § 2255, para. 6, has its own limitation period language.

9. Petitioner's tolling argument in no way affects his fourth claim for relief concerning the validity of his escape conviction. That conviction became final well prior to the passage of AEDPA. Therefore, that claim is out of

ceived is in no way connected to the alleged error in the execution of his sentence. That letter warns petitioner that he is in a class of persons who should check their sentencing calculations to make sure that, due to changes in sentencing laws over a period of time, his sentences were not deemed to be consecutive when the judgment and commitment forms stated that they were to be concurrent.[10] It has nothing to do with any possible error in the calculation of time served prior to the activation of a suspended sentence. Therefore, the letter did not establish the factual predicate for petitioner's first three claims for relief.

The factual predicate was actually established on the face of the judgment and commitment form which revoked his probation and activated his sentence without listing any credit for prior time spent in custody on the charge. (Res.Brf., Tab 4) This was dated July 12, 1991. Further, if at no other time, petitioner should have learned of any possible error one year and nine months later when, according to him, his two-year sentence should have expired but did not. At either of these two times, both of which occurred well prior to the passage of AEDPA, petitioner could have learned of his claims through due diligence. The fact that the letter in the year 2000 may have actually sparked petitioner to exercise such diligence does not change the fact that he could have done so years before. Therefore, even using the date when petitioner could have discovered the factual predicate of his claim as the AEDPA starting point, rather than the finality of his judgments, petitioner's one-year period of limitation still expired on April 23,

1997 and his claims for relief are barred in this Court. To the extent that his claims may have any merit, his remedy lies with the courts of North Carolina or within the North Carolina Department of Correction.

**IT IS THEREFORE ORDERED** that petitioner's motions to expand the record to include certain exhibits (docket nos. 5 and 6) be, and the same hereby are, granted.

**IT IS FURTHER ORDERED** that respondent's motion for summary judgment (docket no. 11) be, and the same hereby is, granted and that this action is dismissed.

### *JUDGMENT*

For the reasons set out in an Order filed contemporaneously with this Judgment,

**IT IS ORDERED AND ADJUDGED** that respondent's motion for summary judgment (docket no. 11) is granted, that this action is dismissed, and that finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.

---

time and barred from review for the reasons put forth by respondent.

10. Petitioner was obviously not affected by this problem given that all of his judgments state that the sentences are to be consecutive.