**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE F. FULLER,

      Petitioner-Appellant,

v.

LEROY GREEN, Sheriff;
WYANDOTTE COUNTY JAIL;
INTEGRITY CORRECTIONAL
CENTER; CHARLIE TURBO,

      Respondents-Appellees.

No. 03-3346
(District of Kansas)
(D.C. No. 03-CV-3178-SAC)

**ORDER**

Before **EBEL, MURPHY**, and **McCONNELL,** Circuit Judges.

This matter is before the court on Joe Floyd Fuller's request for a

certificate of appealability ("COA"). Fuller seeks a COA so that he can appeal

the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. 28

U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final

order in a habeas corpus proceeding in which the detention complained of arises

out of process issued by a State court," unless the petitioner first obtains a COA);

*Montez v. McKinna*, 208 F.3d 862, 868-69 (10th Cir. 2000) (holding that state

prisoners proceeding pursuant to § 2241 must obtain a COA before appealing the denial of habeas relief). Because Fuller has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

It is far from clear what Fuller was seeking in the district court or is seeking before this court. Fuller filed the instant habeas petition on a 28 U.S.C. § 2254 form provided by the United States District Court for the District of Kansas. As the only ground for relief set out in his petition, Fuller asserted that he "has been kidnaped in the night and sent to the state of Missouri without the Uniform Extradition Act." In support of this claim, Jones set out the following supporting facts:

> Petitioner has never been taken in front of a judge to sign extradition from Kansas to Missouri or any other state.
> Petitioner has been kidnaped from one state to another and now request that his body be released from custody for lack of jurisdiction and violation of petitioner's 14th Amendment.

Because it did not appear that Fuller was incarcerated pursuant to a judgment of a state court, but was instead a pretrial detainee, the district court liberally construed Fuller's petition as having been filed pursuant to 28 U.S.C. § 2241. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (explaining that a state court defendant held pursuant to a state court judgment should file a habeas petition under 28 U.S.C. § 2254, but that a state court defendant attacking his

-2-

pretrial detention should bring a habeas petition under 28 U.S.C. § 2241);

*Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (same).

So construed, the district court concluded that Fuller was not entitled to habeas relief. The district court first noted that after filing his petition, Fuller was transferred back to Texas. Accordingly, the conditions giving rise to Fuller's habeas petition no longer existed. The district court further noted that Fuller did not have a valid claim under the Uniform Extradition Act because he was sent to Missouri merely for the purpose of detention, not for the purpose of facing criminal charges or prosecution in Missouri. Finally, the district court concluded that Fuller's transfer to Missouri, standing alone, did not entitle him to release from custody because Fuller had no constitutional right to be incarcerated in any particular state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

To be entitled to a COA, Fuller must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Fuller can make the requisite showing by demonstrating "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In evaluating whether Fuller has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (quotations omitted).

Although Fuller need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Fuller's application for a COA and appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Fuller is not entitled to a COA. The district court's resolution of Fuller's habeas petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Fuller's request for a COA and **DISMISSES** this appeal.

Entered for the Court
PATRICK FISHER, Clerk of Court


By:
    Deputy Clerk