**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY A. ARTER,

Petitioner-Appellant,

v.

ROY GENTRY, LeFlore County
Sheriff,

Respondent-Appellee.

No. 06-7044

(E.D. of Okla.)

(D.C. No. CV-04-574-FHS)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Jeffrey Arter seeks habeas relief from pretrial detention in an Oklahoma

state jail. At the time he filed his petition, Arter was incarcerated in the LeFlore

County Jail in Poteau, Oklahoma. He is awaiting trial on several state drug

charges and three counts of shooting with intent to kill. The charges against him

also allege that he has three prior felony convictions.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Arter filed a petition for a writ of habeas corpus in district court under 28 U.S.C. § 2254, which the court construed as (1) challenging the validity of the prior convictions, (2) asserting his bail of $1,150,000 was excessive, and (3) complaining about possible competency proceedings. The district court denied his petition, and he renews on appeal his request that the federal courts order the dismissal of the pending state charges against him.

Arter is a pretrial detainee, so the district court properly construed his § 2254 claim as one under § 2241. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597–98 (7th Cir. 2001); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A state prisoner must obtain a Certificate of Appealability (COA) to appeal denial of a habeas petition, whether such petition was filed pursuant to § 2241 or § 2254. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).[1] The district court denied habeas relief, finding Arter failed to exhaust his state court remedies, and, since it did not issue a COA, the COA is deemed denied. 10th Cir. R. 22.1(C).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538. 1554 (10th Cir. 1994). Courts may raise the issue of exhaustion on their own motion. *Steele v. Young*, 11 F.3d 1518, 1523 n.10 (10th Cir. 1993). In dismissing the petition, the district court properly noted that 1) Arter had failed to allege exhaustion of his state remedies,

---

[1] Even the dissent in *Montez* agreed that when the habeas petition arose from a pretrial detainee, a COA is required. 208 F.3d at 870 (McKay, J., dissenting).

2) state habeas relief was available to him, and 3) the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), compels us to avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional challenges. We agree with these conclusions.

Accordingly, for the same reasons set forth by the district court, we DENY habeas relief on the grounds that Arter has not exhausted his state court remedies, we DENY his petition for COA, and we GRANT Appellee's Motion to Dismiss.[2]


Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2] We also dismiss Appellant's notices received by this court on September 28 and October 11, 2006.