986 F.2d 1412
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles A. ALLEN, Petitioner-Appellant,
v.
Bishop L. ROBINSON; Bernard Smith; Attorney General of the
State of Maryland, Respondents-Appellees.
 No. 92-6703.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: February 12, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-92-864-K)
 Charles A. Allen, Appellant Pro Se.
 John Joseph Curran, Jr., Attorney General, Diane Elizabeth Keller, Assistant Attorney General, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before HALL, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles A. Allen appeals from the order of the district court denying relief on his petition for pretrial habeas relief under 28 U.S.C. § 2241 (1988). We affirm.
 
 
 2
 Pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and "special circumstances" justify the provision of federal review. Dickerson v. Louisiana, 816 F.2d 220, 224-26 (5th Cir.), cert. denied, 484 U.S. 956 (1987); see Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 48990 (1973). Allen concedes in his petition that several of his claims had never been presented to any court. A review of the state court pleadings filed by Allen reveals that none of the remaining claims upon which he sought relief had been exhausted.
 
 
 3
 Because none of Allen's claims had been exhausted, relief was properly denied.* Accordingly, we affirm the denial of relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 In addition, as the district court properly noted, several of Allen's claims are not properly brought under § 2241 but instead seek relief available under 42 U.S.C. § 1983 (1988)