IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-10340

---

CLYDE WESLEY STRINGER

Petitioner-Appellant,

v.

DAVID WILLIAMS, Tarrant County Sheriff

Respondent-Appellee

---

Appeal from the United States District Court
for the Northern District of Texas

---

November 16, 1998

Before KING, GARWOOD and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This case presents a state prisoner who, relying on double jeopardy and collateral estoppel grounds, seeks to enjoin his further prosecution. We have no jurisdiction to grant relief for any violation of state law, and we find that the prisoner's underlying constitutional claims have no merit. We therefore refuse to grant a certificate of appealability, and we dismiss the appeal.

I.

In August 1995, Clyde Stringer, on parole from a prior felony conviction, was charged by a Texas grand jury in four separate indictments with two counts of possession of a controlled substance, and one count each of possession of a firearm by a felon

and aggravated robbery. On September 25, 1995, a hearing officer determined that Stringer had violated his parole by committing the offense of possession of a firearm by a felon and one of the charged offenses of possession of a controlled substance. The hearing officer, however, determined that there was insufficient evidence to show that Stringer had committed the aggravated robbery or the other controlled substance offense. Based on these findings, the parole board revoked Stringer's parole. Stringer now seeks to prevent Texas from prosecuting him for any of the four charged offenses.

After exhausting state habeas remedies, Stringer filed an application, which he styled as being pursuant to 28 U.S.C. § 2241, in federal district court, challenging the pending prosecutions. He contended that the state was barred on double jeopardy grounds from prosecuting him for the two offenses that the hearing officer determined he had committed, and was barred on collateral estoppel grounds from prosecuting him for the other two offenses. Stringer maintained that the state had already punished him for those offenses by revoking his parole and by failing to give him credit towards his prior sentence for the time that he successfully spent on parole.

On March 11, 1998, the district court, characterizing Stringer's habeas petition as being pursuant to 28 U.S.C. § 2254, dismissed it. Because Stringer sought an injunction against ongoing state criminal proceedings, the court ruled that abstention was required under Younger v. Harris, 401 U.S. 37, 49-52 (1971).

2

After Stringer filed his notice of appeal, the district court on March 18, 1998, construed this notice as a request for a certificate of appealability, see Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997), and denied the certificate.

## II.

As a threshold matter, we must determine whether a state prisoner whose parole has been revoked and who awaits trial on additional state charges requires a certificate of appealability (COA) to challenge dismissal of a habeas petition. Under 28 U.S.C. § 2253, a COA is needed to appeal either (1) "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or (2) the final order in a § 2255 proceeding.

The record here does not make clear whether Stringer is currently being detained pursuant to the revocation of parole, which he does not challenge here; or whether that period of incarceration has expired or he is otherwise being held as a pretrial detainee. Only in the latter event would "the detention complained of arise[] out of process issued by a State court." The ultimate disposition of the case, however, turns out to be the same regardless of Stringer's status. We thus initially assume that Stringer is being held solely as a pretrial detainee, and we will reverse this assumption subsequently.

In Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997), we stated:

> By its terms, § 2253 requires COA's only for appeals in habeas proceedings involving process issued by a state court (i.e., proceedings under 28 U.S.C. § 2254) and appeals from final orders in proceedings under § 2255.

3

> Conspicuously absent from the statute is any mention of appeals in § 2241 proceedings.

Id. We therefore must determine first, whether Stringer's petition is properly characterized as a § 2241 petition. We think that it is.

Section 2254 "applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) (quoting § 2254). Pretrial petitions are properly brought under § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." Id. (footnote omitted); see also § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). Although Stringer is "in custody pursuant to the judgment of a state court," i.e. the prior felony conviction for which his parole was revoked, he is not attacking the state court judgment. Rather, he is seeking release from the pending state criminal proceedings against him. Therefore, we should construe Stringer's filing as a habeas petition with § 2241 as the jurisdictional basis. See Dickerson, 816 F.2d at 224; Robinson v. Wade, 686 F.2d 298, 302-03, 303 n.8 (5th Cir. 1982).

Ojo involved a federal detainee involved in deportation proceedings, rather than a state prisoner confined by process issued by a state court. See 106 F.3d at 682. We concluded that a COA was not required in the § 2241 proceeding at issue there,

4

because § 2253 clearly does not encompass challenges to federal detention under § 2241. Just as clearly, however, § 2253 does encompass challenges to state detention under § 2241, since "the detention complained of arises out of process issued by a State court." We hold that, assuming Stringer is a pretrial detainee, he must obtain a COA.

## III.

To obtain a COA, Stringer must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). The district court rejected Stringer's request for a COA, and we must consider whether to grant a COA. See id.; see also Fed. R. App. P. 22(b) ("If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge.").

### A.

The district court dismissed Stringer's claims on the basis of Younger abstention, perhaps viewing the claims as cognizable, if at all, under state law. We read the petition to assert double jeopardy and collateral estoppel as constitutional protection from a second "trial." We therefore do not rely on Younger abstention. See Showery v. Samaniego, 814 F.2d 200, 201 n.5 (5th Cir. 1987) (finding that the Younger doctrine does not apply to double jeopardy claims); see also Nichols v. Scott, 69 F.3d 1255, 1269 (5th Cir. 1995).

### B.

In <u>United States v. Whitney</u>, 649 F.2d 296 (5th Cir. Unit B June 1981), we held that the Double Jeopardy Clause does not apply to parole and probation revocation proceedings. We distinguished <u>Breed v. Jones</u>, 421 U.S. 519 (1975), in which the Supreme Court held that the Clause barred the prosecution of a juvenile as an adult for conduct that had resulted already in a juvenile court adjudication. As we explained in <u>Whitney</u>: "[P]arole and probation revocation proceedings are not designed to punish a criminal defendant for violation of a criminal law." 649 F.2d at 298. The holding in <u>Whitney</u> controls. <u>Cf.</u> <u>Douglas v. United Servs. Automobile Ass'n</u>, 79 F.3d 1415, 1422 n.8 (5th Cir. 1996) (noting that "Unit B" cases are binding precedent on the Fifth Circuit).

C.

In <u>Ashe v. Swenson</u>, 397 U.S. 436, 445 (1970), the Supreme Court noted that the doctrine of collateral estoppel is "embodied in the Fifth Amendment guarantee against double jeopardy." If Stringer's collateral estoppel claim is simply an effort to state a Double Jeopardy Clause claim, it fails as we explained. If it is an effort to state an independent violation of the Fourteenth Amendment's Due Process Clause, it also fails. The <u>Showery</u> court refused just such an attempt: "We are unpersuaded . . . by his attempts to erect a due process basis, independent of the double jeopardy clause, for the application of collateral estoppel." 814 F.2d at 203.

6

Stringer may be attempting to state a claim under Texas law. Indeed, in Ex parte Tarver, 725 S.W.2d 195 (Tex. Crim. App. 1986) (en banc), the Texas Court of Criminal Appeals held that collateral estoppel applies to prevent prosecution of an offense that the state failed to establish in a probation revocation hearing. Even so, prosecution would not constitute a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); cf. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (identifying constitutional limitations on the power of federal district courts to impose injunctive relief based on state law). The state claims are for the state court.

D.

Relatedly, if Stringer is not complaining of his current detention, but merely trying to enjoin a pending prosecution, he cannot do so.

IV.

We refuse to issue a certificate of appealability, and we deny injunctive relief from the pending state prosecutions.

DISMISSED.