McKAY, Circuit Judge,
concurring in part and dissenting in part:
I join .the majority’s opinion in all respects save the question concerning a certificate of appealability. While I agree that there are important differences in the text of subsections (A) and (B) of 28 U.S.C. § 2253(c)(1), I disagree with the court’s sweeping interpretation of § 2253(c)(1)(A).
The practical (and admitted)' effect of the majority’s construction of § 2253(c)(1)(A) is that all appeals from habeas petitions brought by state prisoners require a COA. The majority reasons that the language of § 2253(c)(1)(A) providing that a COA is necessary where “the detention complained of arises out of process issued by a State court” applies to all state habeas petitions relating to “matters flowing from a state court detention order,” including both “challenges to the validity of a state court conviction and sentence under § 2254 ... [and] challenges related to the incidents and circumstances of any detention pursuant to state court process under § 2241.” The majority claims that a different interpretation would mean that § 2253(c)(1)(A) would apply only to § 2254 petitions and rarely would apply to § 2241 petitions, a result that would be contrary to the intent of AEDPA. I am not persuaded by this reasoning.
First, if Congress had intended for all state habeas petitioners to obtain a COA, it ■ simply would have stated in § 2253(c)(1)(A) that a COA is needed to appeal a final order in any habeas corpus proceeding brought by a state prisoner. Instead, it chose to use language mandating that a state prisoner obtain a COA only when “the detention complained of arises out of process issued■ by a State court.” 28 U.S.C. § 2253(c)(1)(A) (emphasis added). “Conspicuously absent from the statute is any mention of appeals in § 2241 proceedings.” Ojo v. INS, 106 F.3d 680, 681 (5th Cir.1997).
*870 It is arguable that any habeas action brought by a state petitioner challenges detention arising out of process issued by a state court because a prisoner is incarcerated in the first place as a result of a state court judgement. This ' argument, however, ignores several important distinctions between § 2241 and § 2254 proceedings, including the nature of the complaint, where jurisdiction lies and who is named as respondent, and preversus post-judgment petitions. See, e.g., McIntosh v. United States Parole Comm’n, 115 F.3d 809, 811-12 (10th Cir.1997) (noting that a § 2254 petition challenges the validity of a conviction or sentence while a § 2241 petition attacks the execution of a sentence); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.1996) (stating that a petition under § 2241 “must be filed in the district where the prisoner is confined”); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.1987) (noting that § 2254 “applies only to post-trial situations and affords relief to a petitioner ‘in custody pursuant to judgment of a state court’ ” (quoting 28 U.S.C. § 2254)).
In addition, the ipajority’s analysis overlooks the fact that not all § 2241 proceedings , complain about the incidents or circumstances of incarceration. A state petitioner may properly bring a § 2241 proceeding challenging detention arising out of state court process, such as a whole host of pretrial petitions. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky; 410 U.S. 484, 488-90, 498, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (holding that Alabama prisoner under Kentucky indictment may file a habeas action under § 2241 seeking to enforce his constitutional right to a speedy trial); Higgins v. Rhode Island, 187 F.3d 622, 1998 WL 1085812, *1 (1st Cir.1998) (noting that state prisoner may challenge detainer by bringing a pretrial habeas petition under § 2241, “which empowers a district court to issue a habeas writ before a judgment is rendered in a criminal proceeding”); Santamaria v. Horsley, 133 F.3d 1242, 1243 (9th Cir.) (reviewing pretrial habeas petition under § 2241(c)(3)), cert. denied, 525 U.S. 823, 119 S.Ct. 68, 142 L.Ed.2d 53 (1998); Allen v. Robinson, 986 F.2d 1412, 1993 WL 46883 (4th Cir.1993) (noting availability of pretrial habeas relief under § 2241); Palmer v. Clarke, 961 F.2d 771, 774 (8th Cir.1992) (confirming that “federal district courts can entertain pretrial ha-beas petitions [under § 2241] in which the petitioner asserts [that] an impending state trial violates the Double Jeopardy Clause”); Dickerson, 816 F.2d at 224 (holding that inmate’s pretrial habeas petition is properly brought under § 2241 because he is not in custody pursuant to judgment of a state court).
These cases showing § 2241’s broader application are entirely consistent with the Fifth Circuit’s decision in Stringer v. Williams, 161 F.3d 259, 262 (5th Cir.1998), which the majority cites to support its analysis. In Stringer, a parole board revoked Mr. Stringer’s parole after it found that he committed two of four offenses for which he was indicted. Mr. Stringer filed a § 2241 petition attacking the state’s prosecution of him on those four offenses. The court explained that “[o]nly if [Mr. Stringer is being held as a pretrial detainee] would ‘the detention complained of arise[] out of process issued by a State court.’” Id. at 261. The court then assumed that Mr. Stringer was a pretrial detainee and, on the basis of that assumption, held that he must obtain a COA to appeal the denial of his § 2241 petition. See id. at 262. This assumption was critical to the court’s holding because as a pretrial detainee- Mr. Stringer was challenging detention arising out of state court process, i.e.,' the indictment. If he were in custody pursuant to the revocation of parole, his detention would not arise out of state court process and no certificate of appealability would be required. See id. at 261-62 (indicating that petitioner’s detention would arise out of process issued by a state court under § 2253 if he were a pretrial detainee but not if he were detained pursuant to the revocation of pa *871 role). Thus, the majority is correct in citing Stringer for that proposition that “ § 2253 does encompass challenges to state detention under § 2241,” id. at 262, but that proposition is true only where the detention at issue in a particular case arises out of state court process. In light of these considerations, I would hold that a state prisoner proceeding under § 2241 must obtain a certificate of appealability where “the detention complained of arises out of process issued by a State court.” 28 U.S.C. § 2253(c)(1)(A). Such a holding demands that the court examine on a case-by-case basis whether the detention arises out of state court process, a result that does not contradict Congress’ intent to curb abuse of habeas corpus relief. Under some circumstances, Congress can deny access to the courts. But where it has not explicitly done so, access to the courts is too precious for us to do it for Congress.
Because I disagree with the majority’s construction of § 2253(c)(1)(A), I also disagree about the judgment in this case. It is not at all clear that the detention complained of by Mr. Montez arises out of process issued by a state court. Although he is in custody pursuant to a state court judgment, the particular detention Mr. Montez complains of in this habeas petition is his transfer from a state-operated prison to private correctional facilities. This decision was “issued” by a state department of corrections official or warden, not by any state court process. I therefore would hold that Mr. Montez does not need a certificate of appealability to appeal the district court’s order in this habeas corpus proceeding because the detention complained of does not “arise[ ] out of process issued by a State court.” Id. Accordingly, I would DENY the request for a certificate of appealability as moot and AFFIRM the judgment of the district court denying habeas corpus relief and dismissing the claims.