United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20516
USDC No. 4:03-CV-1344
USDC No. 4:03-CV-1343
USDC No. 4:03-CV-1342
USDC No. 4:03-CV-1341
USDC No. 4:03-CV-1340

_____

BRENDA SUE BAILEY; JOHN ALLEN BABIN; CHARLES FRANCIS
COLEMAN; JAMES ARNOLD SCHNUR; RALPH F. SCHNUR,

Petitioners-Appellants,

versus

CHARLES ROSENTHAL, District Attorney for Harris County Texas,

Respondent-Appellee.


-----------------------------------------------------------------

JOHN ALLEN BABIN,

Petitioner-Appellant,

versus

CHARLES ROSENTHAL, District Attorney for Harris County Texas,

Respondent-Appellee.

-----------------------------------------------------------------

CHARLES FRANCIS COLEMAN,

Petitioner-Appellant,

versus

CHARLES ROSENTHAL, District Attorney for Harris County Texas,

Respondent-Appellee.

-------------------------------------------------------------------

JAMES ARNOLD SCHNUR,

                          Petitioner-Appellant,

versus

CHARLES ROSENTHAL, District Attorney for Harris County Texas,

                          Respondent-Appellee.

-------------------------------------------------------------

RALPH F. SCHNUR,

                          Petitioner-Appellant,

versus

CHARLES ROSENTHAL, District Attorney for Harris County Texas,

                          Respondent-Appellee.

                    --------------------
                Appeal from the United States District Court
                  for the Southern District of Texas
                      (USDC No. 03-CV-1340)

                    --------------------

PER CURIAM:[*]

     The appellants in this case appeal from the dismissal of their 28 U.S.C. § 2241 petitions.  A certificate of appealability ("COA") is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A). Because the appellants are seeking release from the pending state

---

     [*]  Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

criminal proceedings against them, a COA is required before they can proceed on appeal.  <u>Stringer v. Williams</u>, 161 F.3d 259, 261-622 (5th Cir. 1998).

The district court must make the initial determination whether a COA should issue.  <u>Muniz v. Johnson</u>, 114 F.3d 43, 45 (5th Cir. 1997).  Accordingly, the case is REMANDED to the district court for the limited purpose of the district court's issuance of a COA ruling.  Once the district court has issued its ruling, this court will consider the case.