

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-10-2007

# Paladino v. King

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2422

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Paladino v. King" (2007). *2007 Decisions.* Paper 454.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/454

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-366** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2422
_____

CHARLES PALADINO,
                                              Appellant

v.

LEON KING, II, COMMISSIONER P.P.S.;
DISTRICT ATTORNEY OF THE COURT OF PHILA.;
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 07-cv-00370)
District Judge: Honorable Berle M. Schiller
_____

Submitted For Possible Dismissal Due to a Jurisdictional Defect,
For Possible Dismissal Under 28 U.S.C. § 1915(e)(2), or for
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2007

Before:  BARRY, AMBRO and FISHER, <u>CIRCUIT JUDGES</u>

(Filed: September 10, 2007 )
_____

OPINION
_____

PER CURIAM

Charles T. Paladino, proceeding pro se, appeals the District Court's order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We will summarily vacate the District Court's order and remand the matter for further proceedings.

In January 2007, while apparently in pre-trial detention, Paladino filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania. By order entered February 8, 2007, the District Court directed Paladino to resubmit his petition, clearly stating whether he had been convicted. Paladino complied, filing an amended § 2241 petition in which he indicated that "the defendant has not been convicted." Nevertheless, by order entered April 23, 2007, the District Court dismissed the § 2241 petition without prejudice, asserting that Paladino had failed to follow its earlier order. After his motion for reconsideration was denied, Paladino filed this appeal.[1]

The District Court erred. Not only did Paladino's amended petition satisfy the District Court's prior order to specify whether he had been convicted, but, more importantly, a conviction is not a prerequisite to seeking relief under § 2241. While 28 U.S.C. § 2254 applies only in post-trial situations, see § 2254(a) (providing relief to petitioners "in custody pursuant to the judgment of a State court"), the text of § 2241 defines its broader scope of application: "the writ of habeas corpus [extends to persons

---

[1]Although the dismissal of the § 2241 petition was without prejudice, Paladino's motion for reconsideration reflects his intent to stand on the complaint, thereby making the order final and appealable. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Accordingly, we have jurisdiction under 28 U.S.C. § 1291.

2

who are] . . . (3) . . . in custody in violation of the Constitution or laws or treaties of the United States . . ." See § 2241.  Indeed, Paladino's challenges to his pre-trial incarceration were properly brought in a § 2241 petition.  See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998).

Accordingly, we will summarily vacate the District Court's order of April 23, 2007, and remand for further consideration of Paladino's § 2241 petition.[2]  See Third Circuit LAR 27.4 and IOP 10.6.

---

[2]To the extent that a certificate of appealability is required, we construe Paladino's notice of appeal as such a request.  See Fed. R. App. P. 22(b)(2).  As so construed, the request is granted and the District Court's order is summarily vacated and remanded.