# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20005

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2014

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

CLIFFORD UBANI,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1943

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Clifford Ubani, federal prisoner # 43685-279, has applied for a certificate of appealability (COA) for an appeal from the district court's order denying his motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking reconsideration of the district court's order denying his motion under 28 U.S.C. § 2255 challenging his convictions of conspiracy to commit health care fraud, conspiracy to defraud the United States and to receive and pay health care kickbacks, and paying and receiving health care kickbacks. *See* 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20005

§ 2253(c)(1)(B); *see also Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).

Ubani did not seek a COA in the district court, nor did the district court deny a COA in its order denying his Rule 60(b) motion. Due to the absence of a COA ruling by the district court, we assume without deciding that we lack jurisdiction over the instant appeal from that order. *See* Rule 11(a), RULES GOVERNING § 2255 PROCEEDINGS; *Cardenas v. Thaler*, 651 F.3d 442, 443-44 & n.2 (5th Cir. 2011). We decline to remand this case to the district court for a COA ruling because such a remand would be futile and a waste of judicial resources. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

Because Ubani's Rule 60(b) motion involved either new claims or requested reconsideration of claims first asserted in the § 2255 motion, the motion was successive. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005). Because the motion was unauthorized, the district court lacked jurisdiction. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). In the absence of such authorization, this court's jurisdiction is limited to correction of the error of the lower court in entertaining the motion, which may be raised sua sponte. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The appeal is DISMISSED for lack of jurisdiction, and Ubani's motions for a COA and for leave to proceed in forma pauperis are DENIED AS MOOT.