# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HOWARD GRANT,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-424-3

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Howard Grant, former federal prisoner # 43671-279, was sentenced to 41-month concurrent terms of imprisonment following jury-trial convictions for conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and aiding and abetting in the same, in violation of 18 U.S.C. § 1347. *See United States v. Grant*, 683 F.3d 639, 641 (5th Cir. 2012). He has been released from prison but now serves concurrent terms of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20379

Grant challenges, *pro se*, the district court's dismissal of his January 2014 28 U.S.C. § 2255 motion, filed while he was imprisoned. The motion was dismissed as an unauthorized successive motion. *E.g., United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Additionally, Grant contests the denial of his motion for reconsideration of the district court's judgment of that dismissal. *See* Fed. R. Civ. P. 59(e).

Grant is barred from challenging these rulings unless he obtains a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B). The district court did not rule whether Grant was entitled to a COA. Although our court has yet to decide, in the § 2255 context, whether a district court's failure to rule on a COA application deprives us of jurisdiction, "[o]ur precedents have held, unequivocally, that . . . the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal". *Cardenas v. Thaler*, 651 F.3d 442, 444–45 (5th Cir. 2011) (emphasis, citation, and internal quotation marks omitted). Because there is no COA ruling by the district court, we assume, without deciding, that we lack jurisdiction over this appeal. *E.g., United States v. Ubani*, 582 F. App'x 333, 333 (5th Cir. 2014) (per curiam); *see also* Rule 11(a), Rules Governing § 2255 Proceedings.

Regarding whether we should remand this matter to district court for it to decide whether to grant a COA, Grant contends his January 2014 § 2255 motion was not successive because he filed no prior § 2255 motion; he claims his prior (August 2012) motion was for reconsideration. Because the August 2012 motion was indisputably a § 2255 motion, Grant's January 2014 § 2255 motion was successive. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that a proposed application is successive if it is another attempt to contest "the same custody imposed by the same judgment" that was contested in an earlier proceeding). We decline to remand in order for the district court

2

No. 14-20379

to make the COA determination in the first instance, as remand would be futile and a waste of judicial resources. *See, e.g., United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Concerning the standard for granting a COA, and because Grant's appeal is utterly baseless, no jurist of reason would debate whether, or agree that, he should be encouraged to proceed with it. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DISMISSED.