# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20403
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2016

Lyle W. Cayce
Clerk

WILLIAM DRIVER,

Petitioner-Appellant

v.

ADRIAN GARCIA, Sheriff, Harris County, Texas,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-857

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

William Driver appeals the district court's dismissal of his 28 U.S.C. § 2241 petition under the doctrine of *Younger*[1] abstention. The district court did not rule on the issue of whether a certificate of appealability (COA) should be granted, and Driver did not expressly request a COA in the district court or on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Younger v. Harris*, 401 U.S. 37 (1970).

No. 15-20403

A COA is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).  Although Driver has been released on bond, he remains "in custody" for purposes of § 2241.  *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-01 (1984).  While a prisoner in federal custody need not obtain a COA to appeal the denial of a § 2241 petition, a prisoner in state custody, such as Driver, must do so.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("[Section] 2253 clearly does not encompass challenges to federal detention under § 2241.  Just as clearly, however, § 2253 does encompass challenges to state detention under § 2241[.]").

Even if we construe Driver's notice of appeal as a request for a certificate of appealability in our court under Federal Rule of Appellate Procedure 22(b)(2), we normally would remand such requests to the district court in the first instance.  *See United States v. Ubani*, 582 F. App'x 333, 333 (5th Cir. 2014).  We decline to do so here, however, because we conclude any such remand would be futile.  Driver fails to meet the standards for a COA as reasonable jurists would not debate the district court's disposition of his case.  *Slack v. McDaniel*, 529 U.S.  473, 484 (2000).  Accordingly, we decline to remand this case, and we refuse to issue a COA ourselves.

APPEAL DISMISSED.