# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60196

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2017

Lyle W. Cayce
Clerk

RUBIN RURIE WEEKS,

Petitioner-Appellant

v.

STATE OF MISSISSIPPI; MISSISSIPPI DEPARTMENT OF
CORRECTIONS,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-283

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rubin Rurie Weeks, Missouri prisoner # 184303 and Mississippi prisoner # 71164, is currently serving a concurrent sentence of life imprisonment and thirty years of imprisonment based on guilty plea convictions of kidnapping and rape. He is presently incarcerated at the Southeast Correctional Center in Charleston, Missouri. He is also subject to a detainer lodged by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60196

Mississippi Department of Corrections, requesting his return to Mississippi following his release from Missouri custody.

Weeks moves for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2241 petition. He also moves for appointment of counsel. Although the district court construed Weeks's petition as arising under § 2254, a § 2241 petition is the proper vehicle for challenging the Mississippi detainer at issue. *See Saucier v. Warden*, No. 94-41050, 1995 WL 71331, *1 (5th Cir. Jan. 27, 1995); *see also* 5TH CIR. R. 47.5.3 (decisions issued before January 1, 1996, are precedent). Further, because Weeks is challenging a document issued by the Mississippi Department of Corrections and not a document issued by a state court, a COA is unnecessary in this case, and we deny it for that reason. *See Saucier*, 1995 WL 71331 at 1; *cf. Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

A § 2241 petition must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Weeks is incarcerated in Charleston, Missouri, which is in the Western District of Missouri. Thus, the district court in the Southern District of Mississippi, where Weeks filed his § 2241 petition, did not have jurisdiction to consider it. *See Pack*, 218 F.3d at 451; *see also Hutson v. Scott*, No. 95-20600, 1995 WL 783407, *1 (5th Cir. Nov. 30, 1995); 5TH CIR. R. 47.5.3.

Although the district court dismissed Weeks's § 2241 petition as an unauthorized successive 28 U.S.C. § 2254 habeas application, we AFFIRM the district court's dismissal on the alternative basis that the court lacked jurisdiction to consider the motion. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Weeks's motions for a COA and appointment of counsel are DENIED.