# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20696

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUGENIO LOPEZ RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2997
USDC No. 4:95-CR-62-1

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Eugenio Lopez Rodriguez (Rodriguez), Texas prisoner # 382692, is serving a sentence of life imprisonment imposed in 1983 on his Texas murder conviction. In 1995, he was convicted in the Southern District of Texas on two counts of mailing threatening letters to federal judges and sentenced to concurrent 60-month terms of imprisonment, to run consecutively to his sentence on the murder conviction. In 2017, Rodriguez filed a motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20696

requesting relief from a federal detainer that, he alleges, is interfering with his ability to obtain parole on the murder conviction.  The district court concluded that the detainer has not affected Rodriguez's parole and denied the motion. Rodriguez now appeals.

We agree with Rodriguez that his motion is best construed as a 28 U.S.C. § 2241 petition challenging the execution of his federal sentences.  *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  His motion for a certificate of appealability (COA) is therefore denied as unnecessary.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); 28 U.S.C. § 2253(c)(1)(A)-(B).  Because this appeal may be resolved on the available record, we dispense with further briefing.

The district court's denial of Rodriguez's § 2241 petition on the pleadings is reviewed de novo, and we may affirm on any basis supported by the record. *Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010).  Rodriguez has not alleged that the federal detainer was lodged with Texas authorities in violation of the Constitution or federal law.  *See* § 2241(c)(3); *Fillingham v. United States*, 867 F.3d 531, 536 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1035 (2018). Accordingly, we conclude that Rodriguez is unable to demonstrate, in this proceeding, his entitlement to any of the relief he requests to alleviate the effect allegedly given to the detainer by state officials.  *See United States v. Dovalina*, 711 F.2d 737, 739-40 (5th Cir. 1983).

COA DENIED AS UNNECESSARY; AFFIRMED.